IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| VICTOR MANUEL ORTUNO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:05-CV-0094 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DENY PETITION
## FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Before the Court is a Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner VICTOR MANUEL ORTUNO wherein he challenges the result of prison disciplinary proceeding Case No. 20040292552. For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that the petition for federal habeas corpus relief should be DENIED.

I.
STATE COURT CONVICTION

Petitioner is in the lawful custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), as a result of a judgment and sentence out of Dallas County, Texas. On April 10, 2000, in *State v. Ortuno*, No. F-9931691-IJ, petitioner was convicted of the felony offense of possession with intent to deliver a controlled substance

(methamphetamine), and was sentenced to a term of imprisonment of twenty (20) years.[1]
Further elaboration of the specifics of petitioner's state court conviction and any post-conviction proceedings are unnecessary.

II.
## DISCIPLINARY PROCEEDING

Petitioner was found guilty, in Disciplinary Case No. 20040292552, of an unknown offense at the Clements Unit in Amarillo, Texas, and was assessed a punishment which included forfeiture of ten (10) days previously accrued good time credits.[2] Petitioner attests he filed a Step 1 Offender Grievance Form which was denied. Petitioner also attests he filed a Step 2 Offender Grievance Form which was also denied. Petitioner filed the instant federal habeas petition on February 17, 2005.[3]

III.
## PETITIONER'S ALLEGATIONS

Petitioner contends his federal constitutional rights were violated with regard to Disciplinary Case No. 20040292552 in the following respects:

1. Petitioner was denied effective assistance of counsel due to his race and not understanding English;

2. Petitioner was denied his right to appeal in that he was denied assistance with an appeal;

---

[1] This information was derived from the TDCJ-CID online Offender Information website.

[2] Other punishment with which petitioner was assessed constituted changes in the conditions of petitioner's confinement and does not implicate the Due Process Clause of the United States Constitution. *See Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 2297 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

[3] *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (a prisoner's *pro se* federal habeas petition is deemed filed when the inmate delivers the papers to prison authorities for mailing).

3.  Petitioner was denied due process and fundamental fairness in that he was denied his right to appeal and effective assistance of counsel due to his race and lack of knowledge of the law; and

4.  TDCJ-CID officials discriminated against petitioner, by refusing him any type of assistance, based upon his race, language and lack of knowledge of the law.

IV.
*DE MINIMIS* LOSS

The undersigned finds the instant habeas application should be denied. Petitioner has not shown the challenged forfeiture of ten (10) days accumulated good conduct time was in violation of the United States Constitution. Specifically, the sanction imposed in petitioner's case is of insufficient length to give rise to a due process claim. Accordingly, petitioner is not entitled to federal habeas corpus relief.

There is no constitutional guarantee to assure credit for good conduct while in prison. *See Wolff v. McDonnell*, 418 U.S. 539, 557, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Texas law provides that good time credits apply only to eligibility for release on parole or mandatory supervision and do not affect the length of an inmate's sentence. *See Tex. Gov't Code Ann.* § 498.003; *Ex parte Montgomery*, 894 S.W.2d 324, 328 (Tex.Crim.App. 1995). State prisoners in Texas "have no protected liberty interest in parole." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir.), *cert. denied*, 522 U.S. 995, 118 S.Ct. 559, 139 L.Ed.2d 400 (1997). Because there is no protected liberty interest in parole, a Texas inmate can only establish a basis for federal habeas corpus relief if the good time credit sanction affects his eligibility for early release on mandatory supervision. *See Malchi v. Thaler*, 211 F.3d 953 (5th Cir. 2000).

Petitioner appears to be eligible for mandatory supervision. The Fifth Circuit has

recognized, however, that even if a Texas prisoner is eligible for mandatory supervision, he "does not necessarily have a constitutional expectancy of release on a particular date." *Malchi*, 211 F.3d at 958. Accordingly, the Fifth Circuit has acknowledged the possibility "that a de minimis delay of a few days in a prisoner's mandatory supervision release would not give rise to a constitutionally cognizable claim." *Id.*[4] The Fifth Circuit did not establish a bright line rule for when a delay in release or a loss of good time credits would be de minimis. The Fifth Circuit subsequently suggested, however, that the loss of thirty (30) days good time might be de minimis. *Richards v. Dretke*, 394 F.3d 291, 294 n. 5 (5th Cir. 2004) ("A 30-day delay of mandatory supervision release might be de minimis and therefore not give rise to a due process claim.").

Following this line of reasoning, district courts within the Fifth Circuit have concluded that, depending on the length of an inmate's sentence, a 30-day delay in release on mandatory supervision is de minimis and insufficient to implicate constitutional due process concerns. *See Teague v. Dretke*, 384 F.Supp. 2d 999, 1002-1003 (N.D.Tex. July 26, 2005) (for an inmate serving a 45-year sentence, the loss of 30 days of good conduct time is de minimis because it represents 0.18 % of his total sentence.); *White v. Dretke*, Civil No. H-05-0020 (S.D. Tex. June 28, 2005); *Carroll v. Dretke*, 2005 WL 2467698, *5 (S.D.Tex. Oct.6, 2005) ("the deprivation of thirty days of good-conduct credits from a prisoner serving a thirty-five year sentence seems to fall within the range of a de minimis delay that does not give rise to constitutional concerns" as the loss of good-conduct credits equated to less than one-fourth of one percent of the petitioners' total sentence); *Martin v. Director, TDCJ-CID*, 2006 WL 981988, *3+ (E.D.Tex. Apr 11, 2006)

---

[4] The court stated that six (6) months would be more than de minimis. *Id.*

(the loss of 30-days is arguably de minimis). Similarly, district courts have also found that disciplinary sanctions of as little as 1 or 2 days of good time credits pose only a de minimis delay in a prisoner's potential release, and do not give rise to a constitutional claim. *See Cartwright v. Dretke*, 2005 WL 2318703, *2 (N.D.Tex. Sept.20, 2005) (loss of 1 day of good time on an 8-year sentence); *Gallman v. Dretke*, 2005 WL 2493273, *2 (N.D.Tex. Oct.7, 2005) (loss of 2 days of good time on a 40-year sentence); *Hay v. Dretke*, 2006 WL 696647 (S.D.Tex. Mar 16, 2006) (loss of 1 day of good time on a 5-year sentence).

Here, as petitioner is serving a 20-year prison sentence, the loss of ten (10) days good time credits will pose, if anything, no more than a de minimis delay in his potential early release from prison on mandatory supervision. Finding the possible delay is de minimis under the circumstances, the undersigned concludes the procedural protections found in the Due Process Clause do not apply to the 10-day sanction imposed as the result of the disciplinary conviction at issue in this case. Absent a showing that the Due Process Clause applies, the petition fails to allege a constitutional violation and the petitioner is, therefore, not entitled to federal habeas corpus relief.

## V.
## MERITS

Even if the loss of ten (10) days good time was more than de minimis, petitioner has not demonstrated his constitutional due process rights in the disciplinary proceeding were violated. Consequently, this petition for a writ of habeas corpus should be denied.

In order to prevail in a federal habeas corpus proceeding, petitioner must show his due process rights were violated during the state prison disciplinary process. The United States

Supreme Court has set out the due process to which a prisoner is entitled during a disciplinary proceeding. In *Wolff*, the Court held that while disciplinary proceedings are not part of the criminal prosecution process and, therefore, the full panoply of rights does not apply, there are certain minimal due process provisions required to be satisfied. Those are: (1) advance written notice of the charges; (2) an opportunity to call witnesses and/or present documentary evidence when such presentation is not unduly hazardous to institutional safety or correctional goals; and (3) a written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action. *Id.*, 418 U.S. at 539.

Petitioner does not specifically allege he was denied any of the procedural due process protections established by *Wolff*. Consequently, petitioner is not entitled to federal habeas corpus relief for any constitutional procedural deficiencies.

Petitioner does, however, complain that the performance of his substitute counsel was deficient; thus, he was denied the effective assistance of counsel during the disciplinary proceeding. An inmate does not have a right to either retained or appointed counsel in a disciplinary hearing. *Baxter v. Palmigiano*, 425 U.S. 308, 315, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976) (citing *Wolff,* 418 U.S. at 570). Because petitioner has no constitutional right to the assistance of counsel substitute, he cannot claim a right to habeas relief based on counsel substitute's performance. *See Wainwright v. Torna*, 455 U.S. 586, 587-88, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982) (no right to counsel, no deprivation of ineffective assistance).

Petitioner also claims he was denied due process in the disciplinary proceeding because: (1) his appeal of the disciplinary action was denied because, without assistance of counsel, he had absolutely no knowledge of how to appeal the disciplinary ruling; (2) petitioner was denied his right to appeal due to his race and lack of knowledge of the appropriate procedures; and (3) TDCJ-

CID discriminated against petitioner by refusing him any type of assistance. These grounds for relief are wholly conclusory and unsupported by any facts alleged in the petition. "Although pro se habeas petitions must be construed liberally, 'mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.' " *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (*quoting United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)); *see Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value.").

It is the law of the Fifth Circuit that the findings of a prison disciplinary hearing shall not be disturbed unless they are arbitrary and capricious. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Petitioner has failed to set forth any facts showing the disciplinary ruling against him was arbitrary and capricious. The undersigned further notes federal courts do not review the sufficiency of the evidence since a finding of guilt requires only the support of <u>some</u> facts, or any evidence at all. *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986). Consequently, in order to prevail in a challenge to a disciplinary proceeding by way of federal habeas corpus, a petitioner must establish that there was <u>no</u> evidence to support the disciplinary adjudication. Petitioner has not argued there was no evidence to support the disciplinary ruling. Instead, he has argued simply that he did not receive the assistance he sought for the proceeding and that the denial of such assistance was due to his race.

Petitioner has failed to present any grounds for relief which would show the disciplinary action taken against him was constitutionally infirm. Based upon the foregoing, it is the opinion of the undersigned United States Magistrate Judge that petitioner's habeas corpus application should be DENIED.

VI.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner VICTOR MANUEL ORTUNO be DENIED.

VII.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 4th day of May 2006.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

\* **NOTICE OF RIGHT TO OBJECT** \*

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to

timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).